UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURT R. LANCASTER,

        Petitioner,

Case No. 07-13692

v.

HONORABLE AVERN COHN

LINDA METRISH,

        Respondent.

_____/

## **ORDER GRANTING A CERTIFICATE OF APPEALABILITY**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Burt Lancaster (Petitioner) is a state prisoner. He was convicted after a bench trial in Oakland County on one count of first-degree murder and possession of a firearm in the commission of a felony. Petitioner was sentenced to life imprisonment on the first-degree murder conviction and received a consecutive two year prison sentence on the felony-firearm conviction.

Petitioner, through counsel, filed petition for a writ of habeas corpus claiming he is incarcerated in violation of his constitutional rights. Petitioner specifically claimed that he was deprived of his due process right to present a defense when the trial court retroactively applied a change in Michigan law which precluded him from raising the defense of diminished capacity at a retrial. The Court denied the petition. See Amended Memorandum and Order Denying Petition for Writ of Habeas Corpus, filed

August 19, 2010. Petitioner filed a notice of appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, (2000), the United States Supreme Court held that, where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 529 U.S. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." Id. at 338. A prisoner need not prove that "some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id.

III.

The Court finds that reasonable jurists might debate the Court's conclusion that Petitioner is not entitled to habeas relief.   Accordingly, a COA is GRANTED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  August 27, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 27, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160